IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

RUDOLPH W. GRIFFIN,

              Plaintiff,

  v.                                         Civil Action No.
                                                   3:16-CV-00519 (LEK/DEP)

MARTIN E. SMITH, GERALD F. MOLLEN,
and ROBIN E. ENGLER,

              Defendants.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

Rudolph W. Griffin, *Pro se*
05-B-3221
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

FOR DEFENDANTS:

[NONE]


DAVID E. PEEBLES
U.S. CHIEF MAGISTRATE JUDGE

REPORT, RECOMMENDATION, and ORDER

    Presently before the court are a civil rights complaint and

accompanying *in forma pauperis* ("IFP") application submitted for filing by

*pro se* plaintiff Rudolph W. Griffin ("Plaintiff"), a New York State prison inmate. Dkt. Nos. 1 and 5. In his complaint, plaintiff asserts claims pursuant to 42 U.S.C. §1983 against a retired judge, a former county district attorney, and an assistant district attorney arising out of the criminal conviction that led to his present incarceration. Having reviewed plaintiff's complaint, I conclude that the defendants are entitled to absolute immunity from suit, based upon the nature of the claims made against them, and further that pursuit of the claims in this action are precluded under *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, plaintiff's motion to proceed *in forma pauperis* is granted, and I recommend that plaintiff's complaint be dismissed, without leave to replead.

I.  BACKGROUND[1]

Plaintiff is a New York State prison inmate currently confined within the Sing Sing Correctional Facility, located in Ossining, New York. *See* Complaint (Dkt. No. 1) at 1. In his complaint, plaintiff alleges he was wrongfully convicted and that the defendants, retired Broome County Supreme Court Judge Martin E. Smith, former Broome County District

---

[1] The following recitation is derived from plaintiff's complaint, the contents of which have been accepted as true for purposes of the court's review. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("In considering Rule 12 motions to dismiss, the Court must accept the facts appearing on the face of the complaint as true, and consider them along with such reasonable inferences as may be drawn in a complainant's favor.").

2

Attorney Gerald F. Mollen, and Broome County Assistant District Attorney Robin Engler (1) conspired to permit the introduction of false testimony and inadmissible evidence at trial, (2) made material misrepresentations regarding the nature of a plea agreement reached with a witness, and (3) failed to disclose (or allow the introduction of in the case of defendant Smith) potentially exculpatory evidence to him. *Id.* at 1-7. In his complaint, plaintiff appears to assert claims of malicious prosecution, false imprisonment, and fraud against the defendants, and seeks recovery of actual and punitive damages totaling fifteen million dollars.

II. DISCUSSION

    A. Plaintiff's IFP Application

After carefully reviewing plaintiff's motion to proceed *in forma pauperis*, and the accompanying inmate authorization form and certified copy of plaintiff's trust fund account statement (Dkt. Nos. 2 and 3), the court finds that plaintiff has sufficiently shown cause for an order permitting him to proceed with this matter without payment of the filing fee. Accordingly, plaintiff's motion to proceed *in forma pauperis* is granted.

B. Sufficiency of Plaintiff's Claims

1. Standard of Review

Because the court has granted plaintiff's motion to proceed *in forma pauperis*, I must now review the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that - * * *
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, it is the court's responsibility to determine that a complaint may properly be maintained before permitting a plaintiff to proceed with an action *in forma pauperis*.

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference toward *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). There is, nonetheless, an obligation on the part of the court to determine that a claim is not frivolous before permitting a plaintiff

4

to proceed.[2] *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (District Court may dismiss frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (District Court has power to dismiss case *sua sponte* for failure to state a claim).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162

---

[2] "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 3:99-MC-304, 3:99-MC-408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (Burns J.) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989) and *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d) [amended subsection e], may be based upon a defense that appears on the face of the complaint.").

F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct.1955). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## 2. *Heck v. Humphrey*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

Plaintiff's claims appear to be directed to constitutional violations alleged to have occurred in connection with his criminal conviction. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

7

> or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87, 114 S. Ct. 2372; *see also, Estes v Doe*, No. 97 Civ. 8133, 1999 WL 983886, at *3 (S.D.N.Y. Oct. 29, 1999) (quoting *Heck*). The rule in *Heck* and its progeny applies to claims brought under section 1983 alleging malicious prosecution, and requires that before such claim may be properly raised following a conviction, the plaintiff must show that the conviction has been invalidated. *Estes,* 1999 WL 983886, at *3 (citations omitted). Because there is no indication in plaintiff's complaint that he has successfully overturned his conviction, either on appeal or through collateral challenge, and the court assumes otherwise based upon the fact of his incarceration, his claims in this action are precluded.

        3.    <u>Absolute Immunity</u>

Plaintiff's claims in this action are asserted against Martin E. Smith, a retired Broome County Court Judge, Gerald Mollen, the former Broome County District Attorney, and Robin Engler, an Assistant District Attorney. *See* Dkt. No. 1, ¶¶ 4-7. By virtue of their positions, and the fact that plaintiff's claims arise out of the performance of their official duties, defendants are entitled to dismissal of plaintiff's claims against them, even if plaintiff is not precluded by *Heck* from pursuing the claims in this action, on the independent ground of absolute immunity.

It is well-established that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994), *cert. denied,* 514 U.S. 1102 (1995) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)); *see also Mireles v. Waco*, 502 U.S. 9, 10 (1991). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51*.* (citation and internal quotations omitted).

It is equally well-established that prosecutors are absolutely immune from liability in matters involving the pursuit of criminal charges against individuals during the judicial phase of the criminal process. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 3566 F.3d 495, 505 (2d Cir. 2004) (holding that, regardless of prosecutors' motives, "absolute immunity shields them from suit pursuant to § 1983 for their alleged malicious or selective prosecution of plaintiffs, as well as for any misconduct in the presentation of evidence to grand juries"); *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995).

Applying these well-established principles, it is clear that plaintiff's claims against defendants are subject to dismissal. The claims against them stem from the criminal trial of the plaintiff, during which it is alleged that defendants participated in the presentation of false testimony and inadmissible evidence, made material misrepresentations regarding the nature of a plea agreement reached with a witness, and failed to disclose (or allow the introduction of in the case of defendant Smith) potentially exculpatory evidence to him. Dkt. No. 1, at 1-7. Since these acts were conducted during the course of defendant Smith's professional duties and while defendants Mollen and Engler were acting as prosecutors during the judicial phase of the criminal process against plaintiff, defendants are protected from suit by absolute immunity. *Castiglione v. Papa,* 09-CV-0967, 2010 U.S. Dist. LEXIS 51277, 2010 WL 2044688, at *11 (N.D.N.Y. 2010) (Kahn, J.); *Sims v. Sue Nichols*, 12-CV-0205, 2012 U.S. Dist. LEXIS 188568, *24-*25 (N.D.N.Y. May 18, 2012), report and recommendation adopted, 2013 U.S. Dist. LEXIS 88242, 2013 WL 3207129 (N.D.N.Y. June 24, 2013); *Combier v. State of New York,* No. 09 Civ. 5314(RJH)(FM), 2010 U.S. Dist. LEXIS 108305, 2010 WL 3785130, at *9 (S.D.N.Y. Aug. 25, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 103251, 2010 WL 3835030 (S.D.N.Y. Oct. 01, 2010); *Dory*, 25 F.3d at 83;

*Dove v. Smith*, 13-CV-1315, 2013 U.S. Dist. LEXIS 178220, 2013 WL 6795614, *3 (N.D.N.Y. Dec. 19, 2013), report and recommendation adopted by 2014 U.S. Dist. LEXIS 4442, 2014 WL 132270 (N.D.N.Y. Jan. 14, 2014).

    C.    <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F.Supp. 986, 1003 (E.D.N.Y. 1995) (leave to replead granted where court could not say that under no circumstances would proposed claims provide a basis for relief). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) (citation omitted); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with

11

prejudice) (citation omitted); *cf. Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted), *aff'd*, 175 F.3d 1007 (2d Cir. 1999).

In this instance the deficiencies discerned, as set forth above, are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, I conclude that any amendment that could be offered by the plaintiff would be futile, and therefore recommend against granting him leave to amend.

III.  SUMMARY AND RECOMMENDATION

Plaintiff's claims in this action, brought against the judge who presided over his criminal trial and the attorneys who prosecuted the case against him, are precluded both under *Heck v. Humphrey*, based upon his

apparent failure to invalidate his conviction before commencing suit, and additionally because the defendants are protected from suit by absolute immunity. It is therefore hereby

ORDERED, that plaintiff's *in forma pauperis* application (Dkt. No. 5), is GRANTED; and it is further hereby respectfully

RECOMMENDED, that plaintiff's claims against defendants Martin E. Smith, Gerald F. Mollen, and Robin Engler be DISMISSED, without leave to replead, pursuant to 28 U.S.C. § 1915(e)(B)(iii) and 28 U.S.C. § 1915A(b)(2), and that the clerk be directed to enter judgment and close the action; and it is further

ORDERED, that the clerk of the court serve a copy of this report and recommendation on plaintiff, by regular mail; and it is further hereby

RECOMMENDED that the court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the court's decision and order adopting this recommendation would not be taken in good faith, and therefore *in forma pauperis* status be DENIED for purposes of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

Dated:     June 16, 2016
            Syracuse, NY

*[signature]*
David E. Peebles
U.S. Magistrate Judge