UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RUDOLPH W. GRIFFIN,

                              Plaintiff,

    -against-                                        3:16-CV-00519 (LEK/DEP)

MARTIN E. SMITH, *et al.*,

                              Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on June 16, 2016, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 7 ("Report-Recommendation"). Pro se Plaintiff Rudolph W. Griffin timely filed Objections. Dkt. No. 9 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Plaintiff's Objections fail to respond to the two bases upon which Judge Peebles recommended dismissal of the claims. The first ground of Judge Peebles's decision was Plaintiff's failure to follow the rule established by Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), which held that a plaintiff asserting a § 1983 claim that challenges the constitutionality of her conviction "must prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Judge Peebles also relied on the absolute immunity afforded to prosecutors and judges. Rep.-Rec. at 8–11. Instead of addressing these issues, Plaintiff appears to rehash the allegations in his Complaint regarding the withholding of exculpatory evidence, the introduction of false and/or perjured testimony at trial, and misrepresentations about a plea agreement reached with a witness. Dkt. No. 1 ("Complaint") at 4–8; Objs. at 1–2. Plaintiff also invokes the Eighth and Fourteenth Amendments and refers to the "Just Compensation doctrine," Objs. at 3, but these statements are not responsive to Judge Peebles's Report-Recommendation, and in any event they are conclusory, see Barnes, 2013 WL 1121353, at *1. Plaintiff quotes from Grooves v. Witherspoon, 379 F. Supp. 52, 60 (E.D. Tenn.

1974), which held that "fraud upon the Court, or fraud which induces an adversary to withdraw his defense or prevents him from presenting an available defense, is the type which equity will relieve." However, Plaintiff fails to show how this broad principle applies to this case, in which prosecutorial and judicial immunity provide Defendants with absolute protection from suit, Rep.-Rec. at 8–11, and which is barred in any event by Heck, id. at 7–8.

Since Plaintiff fails to state any specific objections to the Report-Recommendation, the Court has reviewed the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 7) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's claims against Defendants Martin E. Smith, Gerald F. Mollen, and Robin Engler be **DISMISSED without leave to replead** pursuant to 28 U.S.C. §§ 1915(e)(B)(iii) and 1915A(b)(2), and that the Clerk of the Court enter judgment and close this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:  October 07, 2016
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge